**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| BEN A. LEWIS and<br>DAMITA D. LEWIS,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIBER HOME LOANS, INC.,<br>HSBC MORTGAGE SERVICES, INC.,<br>SPECIALIZED LOAN SERVICING, INC.,<br>AMERICAN BUSINESS MORTGAGE<br>SERVICES, INC.,<br>OCWEN LOAN SERVICING,<br>FISHER LAW GROUP and<br>BANK OF NEW YORK MELLON,<br><br>    Defendants. | Civil Action No. TDC-15-1331 |

**MEMORANDUM OPINION**

Plaintiffs Ben A. Lewis and Damita D. Lewis (collectively, the "Lewises") have filed suit alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (2012), and several state common law claims by Defendants Caliber Home Loans, Inc. ("Caliber"), HSBC Mortgage Services, Inc. ("HSBC"), Specialized Loan Servicing, Inc. ("SLS"), American Business Mortgage Services, Inc. ("ABMS"), Ocwen Loan Servicing ("Ocwen"), Fisher Law Group ("Fisher"), and Bank of New York Mellon ("BONY") (collectively, "Defendants"). Pending before the Court are four motions to dismiss filed by Caliber, SLS and BONY, Fisher, and Ocwen. The Motions are fully briefed and ripe for disposition. No hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions are GRANTED.

# BACKGROUND

The following facts are presented in the light most favorable to the Lewises, the nonmoving parties:

## I.   Mortgage, Bankruptcy, and Foreclosure

On November 12, 2004, the Lewises received an adjustable-rate mortgage loan from ABMS to purchase a residential property at 14575 Woodville Road in Waldorf, Maryland (the "Property").[1]  When the loan's interest rate rose, the Lewises struggled to make the monthly payments.  The Lewises then learned that ABMS was no longer operating and had assigned its interests in the Property to another party, but they could not determine who received those interests.  According to the Lewises, at some point, Fisher, acting on behalf of Caliber and HSBC, informed the Lewises that it would be foreclosing on the Property.  The Lewises made numerous requests to Caliber, HSBC, Fisher, and the other Defendants for "proof of the authentic promissory note," but they never received records establishing to their satisfaction that any Defendant held a legal interest in the Property.  Compl. ¶¶ 15-16, ECF No. 1.

On February 18, 2014, the purported holder of the Note at that time, U.S. Bank Trust, N.A. ("U.S. Bank Trust"), as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., appointed Substitute Trustees.  On April 14, 2014, the Substitute Trustees, with Fisher acting as counsel, initiated a foreclosure action against the Lewises in the Circuit Court

---

[1]   For purposes of the Motion to Dismiss, the Court considers the Note and the Deed of Trust attached to Fisher's Motion to Dismiss.  These records are integral to the Complaint and are of undisputed authenticity.  *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

for Charles County, Maryland.[2] The case was docketed as *Jeffrey B. Fisher, et al. v. Ben Lewis, et al.*, Case No. 08C14000927.

On June 26, 2014, Ben Lewis filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Maryland. The Petition automatically stayed the foreclosure proceeding in state court. On August 15, 2014, U.S. Bank Trust filed a motion with the bankruptcy court to lift the stay so that the foreclosure proceeding could resume. Having issued an order on October 1, 2014 discharging the debtor, Ben Lewis, the bankruptcy court granted U.S. Bank Trust's motion on October 6. On October 17, 2014, the foreclosure proceeding reopened. On October 22, 2014, after Lewis's personal debts were discharged, the bankruptcy case was closed. The latest activity in the foreclosure proceeding occurred on December 31, 2014, though the electronic case record maintained by the Maryland Judiciary indicates that the case is still open.

## II.    Procedural History

On May 20, 2015, Lewis filed a Complaint in this Court alleging claims for quiet title, negligence, vicarious liability, violations of the FDCPA, and unjust enrichment. On June 10, 2015, Caliber filed a Motion to Dismiss. On June 29, 2015, SLS and BONY filed a Motion to Dismiss. On July 27, 2015, the Lewises submitted an Opposition to Caliber's Motion to Dismiss. On August 4, Caliber filed a Reply to Plaintiff's Opposition. Fisher and Ocwen filed Motions to Dismiss on August 6 and August 7, respectively. The Lewises did not respond to the

---

[2] The Court takes judicial notice this action, as well as the bankruptcy proceeding and property records discussed below, pursuant to Federal Rule of Evidence 201(b)(2).

motions from SLS and BONY, Fisher, or Ocwen. On October 1, 2015, the Lewises filed a Notice of Voluntarily Dismissal, through which HSBC was dismissed from the case.[3]

## DISCUSSION

### I. Standing

Fisher argues that the Lewises lack standing to bring this action because their claims, which were never scheduled in Ben Lewis's bankruptcy proceeding, belong to the bankruptcy estate. If the Lewises lack standing, then the Court must dismiss this case for lack of subject matter jurisdiction. *See Taubman Realty Group Ltd. P'ship v. Mineta*, 320 F.3d 475, 480-81 (4th Cir. 2003) (analyzing a claim of lack of standing as a challenge to subject matter jurisdiction); *Borlo v. Navy Fed. Credit Union*, 458 B.R. 228, 230-31 (D. Md. 2011) (analyzing a claim of lack of standing based on failure to schedule claims in a bankruptcy petition under Federal of Civil Procedure 12(b)(1)).

#### A. Legal Standard

It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, then the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

---

[3] Because Count Three of the Complaint, vicarious liability, is alleged only against HSBC, that Count is dismissed as moot. Even if it were not dismissed as moot, it would be dismissed for failure to state a claim because, as discussed below, the Lewises have not stated a claim for the underlying tortious conduct for which they assert HSBC is vicariously liable.

B.     **Standing to Assert Unscheduled Claims**

Filing a petition for Chapter 7 bankruptcy creates an estate comprised of the debtor's property, including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Such property interests include non-bankruptcy causes of action that arose out of events occurring prior to the filing of the bankruptcy petition." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013). "The bankruptcy trustee, as representative of the estate, has exclusive authority to use, sell, or lease estate property." *Miller v. Pac. Shore Funding*, 287 B.R. 47, 50 (D. Md. 2002) (citing 11 U.S.C. §§ 323(a), 363(b)(1)). Therefore, if a cause of action accrued before the debtor filed for bankruptcy, "the trustee alone has standing to bring that claim." *Nat'l American Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999); *Wilson*, 717 F.3d at 342.

State law determines when a claim accrues. *Borlo*, 458 B.R. at 232; *Miller*, 287 B.R. at 50. Under Maryland law, which applies to the claims in this case, "a cause of action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and (2) the claimants have notice of the nature and cause of their injury." *Miller*, 287 B.R. at 50.

A debtor regains standing to bring claims that accrued pre-petition if those claims are abandoned. *Nat'l American Ins. Co.*, 187 F.3d at 441; *Miller*, 287 B.R. at 50-51. Property belonging to the bankruptcy estate can be abandoned in three ways: (1) by the trustee after notice and hearing; (2) by court order after notice and hearing; or (3) by operation of law if property listed on the debtor's schedules of property has not been administered when the bankruptcy case closes. 11 U.S.C. § 554. However, if a debtor's bankruptcy petition fails to disclose on the Schedule of Personal Property a cause of action that accrued pre-petition, that cause of action remains the property of the estate after the bankruptcy case is closed.

*Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008); *Stanley v. Sherwin-Williams Co.*, 156 B.R. 25, 26-27 (W.D. Va. 1993).  The debtor lacks standing to bring an unscheduled, and thus never abandoned, pre-petition claim even if the debtor was not aware of a legal basis for bringing that claim at the time the bankruptcy petition was filed.  *Miller*, 287 B.R. at 51.

Ben Lewis did not schedule any causes of action in his bankruptcy petition, and no formal abandonment proceedings ever took place in the bankruptcy court.  Therefore, none of the Lewises' claims have been abandoned.  If the claims accrued before Ben Lewis filed for bankruptcy on June 26, 2014, they belong to the estate, and the Lewises lack standing to bring them.  As set forth below, all of the Lewises' claims accrued once Caliber and Fisher initiated the foreclosure action in the Circuit Court for Charles County on April 14, 2014, two months before Ben Lewis filed for bankruptcy.

### 1. Quiet Title and Unjust Enrichment (Counts 1 and 5)

The Lewises' quiet title claim seeks a court order declaring them the "absolute owner[s]" of the Property because, they allege, there is no proof that any Defendant is the lawful holder of the Note.  Compl. ¶¶ 24-26.  The alleged cloud on the Lewises' title emerged after they were unable to identify the parties to whom their lender, ABMS, assigned its interest in the Note and Deed of Trust.  Once HSBC, Caliber, and Fisher initiated a foreclosure action and thus asserted a claim over the Property, the cloud was fully formed.  Thus, all of the facts supporting the Lewises' quiet title claim had come into existence by the time Ben Lewis filed for bankruptcy. The Lewises also had notice of the nature and cause of the injuries the claim seeks to remedy. Accordingly, the quiet title claim accrued before the bankruptcy petition was filed, and the Lewises lack standing to assert it.

6

The analysis for the unjust enrichment claim is similar. The Lewises allege that Defendants have been or will be unjustly enriched through their efforts to assert illegitimate interests in the Property, which culminated with the initiation of foreclosure proceedings. The Complaint does not identify any actions relevant to this claim post-dating the initiation of the foreclosure action. Because the facts giving rise to this claim preceded the filing of the bankruptcy petition, and the Lewises were aware of them at the time they occurred, they also lack standing to pursue the unjust enrichment claim.

### 2. Negligence (Count 2)

The Lewises claim that Caliber and Fisher are liable for negligence because they failed to provide the Lewises with notice of certain foreclosure proceedings, as required by Md. Code Ann., Real Prop. §§ 7-105.1, 7-105.2 (2012). These sections require the foreclosing party to provide notice to the mortgagor and record owner before initiating a foreclosure action and to the record owner before holding a foreclosure sale. *Id.* §§ 7-105.1(c), 7-105.2(b); *see also id.* § 7-105.1(o) (requiring a foreclosing party to publish a notice of an impending foreclosure sale in a newspaper of general circulation in the county where the action is pending). Any claim that Caliber and Fisher failed to provide the required notice of intent to foreclose, which must precede the filing of a foreclosure action, accrued when the action was initiated on April 14, 2014, before the bankruptcy petition was filed, and so may not be brought by the Lewises in this case. In the Lewises' Opposition to Caliber's Motion to Dismiss, they assert that Defendants "had a duty to appropriately convey title information, loan repayment information, and appropriate documents to Plaintiffs upon request, or, minimally, *before instituting foreclosure proceedings against them*." Pl.'s Opp'n at 4, ECF No. 17 (emphasis added). The negligence

7

claim therefore could be fairly construed as pertaining only to deficiencies in notices that preceded the initiation of the foreclosure action.

The Complaint, however, references Defendants' duty to provide notice of a proposed foreclosure sale and asserts that the duty was breached. The Complaint does not state when such a sale was proposed, so the Court is unable to determine whether this claim accrued before Lewis filed for bankruptcy.[4] However, as discussed below, even if the Lewises had standing to assert a claim for negligence relating to the failure to provide notice of a foreclosure sale, the claim is subject to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See infra* part II.

### 3. FDCPA (Count 4)

The Lewises claim that Caliber violated the FDCPA's prohibitions on making false and misleading representations during debt collection, 15 U.S.C. § 1692e, and on collecting debts not permitted by contract or law, *id.* § 1692(f)(1), through "threatening letters and ma[king] calls to Plaintiffs expressing intent to foreclose on the property." Compl. ¶ 43. They further allege that Caliber produced false documents, and failed to produce authentic documents, relating to their legal interest in the property. Although the Lewises do not provide the dates of the threatening letters and calls, the fact that the communications allegedly expressed an intent to foreclose indicates that they occurred before the foreclosure proceeding was initiated. Likewise, the presentation of false documents, and the failure to provide authentic documents, allegedly occurred during these debt collection efforts, which were necessarily before the initiation of the

---

[4] Notably, the docket for the foreclosure action does not indicate that any foreclosure sale has been scheduled or held, and property records maintained by the Maryland Department of Assessments and Taxation still list the Lewises as the current owners of the Property. Caliber and Fisher would not have any obligation to provide notice of a foreclosure sale that has not been scheduled.

foreclosure proceedings. Because this cause of action is based on events that precede the bankruptcy petition, the Lewises lack standing to bring it.

## II. Failure to State a Claim

Although Lewises lack standing to assert their claims, the Court briefly notes alternative grounds for dismissing all counts against SLS, BONY, and Ocwen, as well as the claims for quiet title, negligence, and unjust enrichment against all Defendants, for failure to state a claim. Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994*); Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

SLS, BONY, and Ocwen argue that the Lewises' claims against them should be dismissed because the Lewises fail to plead facts sufficient to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6). The Lewises have failed to plead any facts whatsoever about any of these three defendants, so they necessarily fail to plead factual content that would allow the Court to draw the reasonable inference that SLS, BONY, or Ocwen is liable for any of the misconduct that the Lewises allege. The Lewises' claims against SLS, BONY, and Ocwen must therefore be dismissed. *See* Fed R. Civ. P. 8(a); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that "[d]istrict judges are not mind readers" and therefore cannot be expected to "construct full-blown claims" based on insufficient factual allegations).

The quiet title claim also fails because under Maryland law, a quiet title action may be maintained only "if an action at law or proceeding in equity is not pending to enforce or test the

validity of the title, lien, encumbrance, or other adverse claim." Md. Code Ann., Real Prop. § 14–108(a) (2012). Because the foreclosure proceeding was pending when the Complaint was filed and remains pending, the quiet title claim must be dismissed. *See Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 197 n.1 (4th Cir. 2014) (noting that a "pending foreclosure proceeding . . . would bar the current quiet title claim"); *Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (dismissing a quiet title claim when foreclosure action was pending in state court).

The Lewises fail to state a claim for negligence because they have failed to plead facts demonstrating that Defendants owed them a tort duty. Where, as alleged in this case, "the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability." *Jacques v. First Nat'l Bank of Md.*, 515 A.2d 756, 759 (Md. 1986); *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 803-04 (D. Md. 2013). The Lewises point to the notice requirements of Md. Code Ann., Real Prop. §§ 7-105.1 and 7-105.2 as the source of Defendants' common law duty. Those provisions create statutory duties that, if violated, may provide grounds for challenging a foreclosure sale under Maryland law. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 766 (D. Md. 2012); *Jones v. Rosenberg*, 940 A.2d 1109, 1117-18 (Md. Ct. Spec. App. 2008). Those sections do not, however, establish a tort duty between mortgagors and mortgagees, servicers, or substitute trustees that can support an action for negligence. *See Currie*, 950 F. Supp. 2d 788 at 803-04 (rejecting mortgagors' assertion that their lender and servicer owed them a common law duty based in part on section 7-105.1). The negligence count must therefore be dismissed.

Finally, the Lewises also fail to state a claim for unjust enrichment. Under Maryland law, the plaintiff must allege that the defendant received a benefit from the plaintiff, that the

defendant had knowledge of the benefit, and that the acceptance or retention of the benefit without payment would be inequitable. *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007). The Complaint does not identify any benefit received by any Defendant. The Lewises' Opposition to Defendant Caliber's Motion to Dismiss clarifies that Defendants have not yet obtained any benefit from the Lewises, but undeserved benefits might be forthcoming if Defendants continue to press their baseless claim to the Property. Since the Lewises do not allege that Defendants have actually received a benefit, they fail to state a claim for unjust enrichment.

## CONCLUSION

For the foregoing reasons, the separate Motions to Dismiss by Caliber, SLS and BONY, Fisher, and Ocwen, ECF Nos. 8, 13, 21, & 30, are GRANTED. A separate Order shall issue.


Date:  February 26, 2016                            /s/
                                           THEODORE D. CHUANG
                                           United States District Judge